## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## VALDOSTA DIVISION

M.A.M.M.,                          :
                                   :
              Petitioner,          :
                                   :
v.                                 :        CASE NO. 7:21-CV-47-WLS-MSH
                                   :             28 U.S.C. § 2241
Warden, IRWIN COUNTY               :
DETENTION CENTER, *et al*.,        :
                                   :
              Respondents.         :
_____    :

## ORDER AND REPORT AND RECOMMENDATION

Pending before the Court is Petitioner's application and amended application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (ECF Nos. 1, 3).  For the reasons explained below, it is recommended that Petitioner's application be denied.

### BACKGROUND

Petitioner is a native and citizen of Morocco.  Ferra Decl. ¶ 2, ECF No. 11-1; Ferra Decl. Ex. A, at 2, 4 ECF No. 11-2.[1]  He was admitted into the United States on April 29, 2001, as a lawful permanent resident.  Ferra Decl. ¶ 3; Ferra Decl. Ex. A, at 4.  On August 13, 2014, Petitioner was convicted in the Superior Court of Henry County, Georgia for the offence of first-degree cruelty to children and sentenced to twenty years, serve ten in confinement.  Ferra Decl. ¶ 4; Ferra Decl. Ex. B, at 2, ECF No. 11-3.  On October 9, 2014,

---

[1]  Because all documents have been electronically filed, this Order and Recommendation cites to the record by using the document number and electronic screen page number shown at the top of each page by the Court's CM/ECF software.

the Department of Homeland Security ("DHS") served Petitioner with a Notice to Appear ("NTA"), charging him with removability under Section 237(a)(2)(A)(iii) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1227(a)(2)(A)(iii), for having been convicted of an aggravated felony, and Section 237(a)(2)(E)(i), 8 U.S.C. § 1227(a)(2)(E)(i), for having been convicted of a crime involving domestic violence or child abuse.  Ferra Decl. ¶ 7; Ferra Decl. Ex. C, at 2-4, ECF No. 11-4.  On April 28, 2016, an immigration judge ("IJ") ordered his removal.  Ferra Decl. ¶ 9; Ferra Decl. Ex. D, at 2, ECF No. 11-5.  On August 24, 2016, the Board of Immigration Appeals ("BIA") dismissed his appeal.  Ferra Decl. ¶ 10; Ferra Decl. Ex. E, at 2-3, ECF No. 11-6.  On March 6, 2019, the Georgia Court of Appeals reversed Petitioner's state conviction.  Ferra Decl. ¶ 21; Ferra Decl. Ex. G, at 14, ECF No. 11-8.  On February 10, 2020, Petitioner pled guilty in the Superior Court of Henry County, Georgia to first-degree cruelty to children and was sentenced to five years' imprisonment and released for time served.  Ferra Decl. ¶ 21; Ferra Decl. Ex. I, at 35, ECF No. 11-10.

Following his release from state custody, United States Immigration and Customs Enforcement ("ICE") took Petitioner into custody on February 18, 2020.  Ferra Decl. ¶ 11. He has remained in ICE custody since that time and is currently housed at Stewart Detention Center in Lumpkin, Georgia.  Ferra Decl. ¶ 24.  After entering its custody, ICE attempted to remove Petitioner to Morocco but was unable to do so because of—among other reasons—Petitioner's alleged failure to cooperate.  Ferra Decl. ¶¶ 12-20.  Petitioner was scheduled to be removed on May 25, 2021, but on May 17, 2021, the Office of Principal Legal Advisor ("OPLA") determined that Petitioner's removal order was

insufficient due to its reliance on the since-vacated August 13, 2014, conviction.  Ferra Decl. ¶¶ 20-21.  The flight, therefore, was canceled, and DHS filed a motion in the BIA on May 17, 2021, to reopen and remand Petitioner's case in order to amend the NTA to include the February 10, 2020, conviction.[2]  Ferra Decl. ¶¶ 22-23; Ferra Decl. Ex. I, at 4, 47.

The Court received Petitioner's original application for habeas relief on April 19, 2021, and his amended application on May 6, 2021 (ECF Nos. 1, 3).  On November 29, 2021, the BIA granted DHS's motion to reopen and remand.  Resp'ts' Ex. 1, at 2, ECF No. 27-1.  On January 4, 2022, ICE reviewed Petitioner's custody status and determined that he should remain in ICE custody.  Graumenz Decl. ¶ 2, ECF No. 31-1; Graumenz Decl. Ex. A, at 2, ECF No. 31-2.  Petitioner was served with a notice of the custody determination, but he refused to sign the acknowledgment form or request a custody redetermination hearing before an IJ.  Graumenz Decl. ¶ 3; Graumenz Decl. Ex. A, at 2. This case is ripe for review.

## DISCUSSION

Petitioner has filed numerous documents with the Court, many of them long, rambling, incomprehensible, and without regard to page restrictions.  Nevertheless, out of Petitioner's mass filings, the Court is able to discern two alleged grounds for habeas relief. First, and primarily, Petitioner challenges his underlying state conviction, arguing various reasons why it should be overturned, including ineffective assistance of counsel, double jeopardy, prosecutorial misconduct, and insufficiency of the evidence.  Am. Pet. 6-7, ECF

---

[2]   The amended NTA charges Petitioner with being removable solely under 8 U.S.C. § 1227(a)(2)(E)(i).  Ferra Decl. Ex. I, at 47.

No. 3.  Second, Petitioner challenges his ongoing detention.  Pet'r's Suppl. to Pet. 5, ECF No. 22.  Neither ground has merit.[3]

Regarding Petitioner's challenge to his state conviction,  Petitioner is not currently in custody under that conviction, and so the Court has no jurisdiction to consider his challenge to it.  *See Llovera-Linares v. Fla.*, 559 F. App'x 949, 952 (11th Cir. 2014) (per curiam) (dismissing immigration detainee's habeas corpus petition challenging state conviction for which he was not in custody).  Moreover, to the extent Petitioner challenges his removal order based on the alleged invalidity of his state conviction, his claim is barred by the  REAL ID Act of 2005 ("Act"), 8 U.S.C. § 1252.  The Act provides:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision . . . , a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter[.]

8 U.S.C. § 1252(a)(5).  Further, the Act contains a consolidation provision that states:

> Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section.  Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus under section 2241 of Title 28 or any other habeas corpus provision, by section 1361 or 1651 of such title, or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact.

---

[3]  While not clear, Petitioner may also be seeking relief based on his conditions of confinement. Pet. 10-12.  To the extent Petitioner does so, such claim is not cognizable in this habeas action. *See Vaz v. Skinner*, 634 F. App'x 778, 781 (11th Cir. 2015) (per curiam) ("Petitioner's § 2241 petition is not the appropriate vehicle for raising an inadequate medical care claim, as such a claim challenges the conditions of confinement, not the fact or duration of that confinement."); *see also A.S.M. v. Warden*, *Stewart Cnty. Det. Ctr.*, 467 F. Supp. 3d 1341, 1348 (M.D. Ga. 2020) (concluding that the Court does not have jurisdiction to consider habeas corpus claim based on presence of Covid-19 at Stewart Detention Center).

8 U.S.C. § 1252(b)(9).  Under these jurisdiction-stripping provisions, "district courts lack

habeas jurisdiction to entertain challenges to final orders of removal.  Instead, a petition

for review filed with the appropriate court is now an alien's exclusive means of review of

a removal order."  *Themeus v. U.S. Dep't of Justice*, 643 F. App'x 830, 832 (11th Cir.

2016) (per curiam) (internal citations and quotation marks omitted).

As for his challenge to his ongoing detention, Petitioner has failed to exhaust his

administrative remedies.  According to Respondents, Petitioner is currently detained under

8 U.S.C. § 1226(a).  Resp'ts' Status Report 1-2, Dec. 13, 2021, ECF No. 27.  An IJ is

authorized to grant bond to a § 1226(a) detainee, and an alien can appeal an adverse

decision to the BIA.  8 C.F.R. § 236.1(c)(8), (d).[4]  According to Respondents, Petitioner

was informed of his right to have an IJ review his custody status on January 6, 2022, but

he refused to acknowledge the notice or sign a request for a custody redetermination

hearing.  Graumenz Decl. ¶ 3; Graumenz Decl. Ex. A, at 2.  Petitioner must first exhaust

his administrative remedies for obtaining bond prior to seeking habeas relief.  *Douglas v.

Gonzalez*, No. 8:06-cv-890-T-30TGW, 2006 WL 5159196, at *2 (M.D. Fla. June 12, 2006)

(citing *McCarthy v. Madigan*, 503 U.S. 140, 144-45 (1992) ("[T]he general rule [is] that

parties exhaust prescribed administrative remedies before seeking relief from the federal

courts.")); *see also Hossain v. Barr*, No. 6:19-cv-06389-MAT, 2019 WL 5964678, at *3

---

[4]  In support of his petition, Petitioner cites *Zadvydas v Davis*, 533 U.S. 678 (2001).  Pet. 18-
19.  *Zadvydas*, however, only applies to aliens detained post-final order-of-removal under 8 U.S.C.
§ 1231(a).  While Petitioner was detained under § 1231(a) at the time he filed his petition, the
reopening of his immigration case caused his status to revert back to §1226, rendering his *Zadvydas*
claim moot.

(W.D.N.Y. Nov. 13, 2019) ("While Section 2241 does not include a statutory exhaustion requirement, courts have generally required exhaustion as a prudential matter." (internal quotation marks omitted)).

**CONCLUSION**

For the foregoing reasons, it is **RECOMMENDED** that Petitioner's application and amended application for habeas corpus relief (ECF Nos. 1, 3) be **DENIED**.[5]  Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, within fourteen (14) days after being served with a copy hereof.  The district judge shall make a *de novo* determination of those portions of the Recommendation to which objection is made.  All other portions of the Recommendation may be reviewed for clear error.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object.  In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

---

[5]  Petitioner has filed a motion asking the Court to order the warden at Irwin County Detention Center to allow him more time in the law library (ECF No. 9).  As Petitioner is now detained at Stewart Detention Center and has demonstrated ample ability to access and cite legal material, his motion is **DENIED AS MOOT**.  Petitioner has also filed several other motions (ECF Nos. 21, 23, 25, 32).  In light of the recommendation to deny habeas relief, these motions are also **DENIED AS MOOT**.

SO ORDERED and RECOMMENDED, this 14th day of February, 2022.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE