## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## VALDOSTA DIVISION

M.A.M.M.,                                         :
                                                  :
      Petitioner,                         :
                                                  :
v.                                                :
                                                  :    Case No.: 7:21-CV-47 (WLS-MSH)
Warden, Irwin County                              :
Detention Center, *et al.*,                       :
                                                  :
      Respondent.                         :
_____:

## ORDER

      Presently before the Court are Petitioner's Third and Fourth Objections (Docs. 45 & 46) to United States Magistrate Judge Stephen Hyles Order and Recommendation (Doc. 35) as well as a Request for Final Judgment. (Doc. 47.) The Court notes that a final judgment was entered in this case on March 14, 2022 (Doc. 41) and Petitioner's Third and Fourth Objections (Docs. 45 & 46) are untimely.[1] However, since Petitioner raises issues of a nature such that consideration by the Court would serve to clarify the record, this Court has elected to exercise its discretion and construe all three of Petitioner's filings as a Motion for Reconsideration.

## RELEVANT PROCEDURAL HISTORY

      On February 14, 2022 Judge Hyle's filed an Order and Recommendation in which it was recommended that Petitioner's request for habeas corpus relief under 28 U.S.C. § 2241 be denied for two reasons. (Doc. 35 at 6.) First, Judge Hyle's recommended that Petitioner's request for habeas corpus relief be denied as this Court lacked jurisdiction to consider Petitioner's challenge to his state court conviction, as Petitioner is not currently in custody under that conviction. *See Llovera-Linares v. Fla.*, 559 F. App'x 949, 952 (11th Cir. 2014) (per curiam) (dismissing immigration detainee's habeas corpus petition challenging state conviction

---

[1] Petitioner's Third and Fourth Objections (Docs. 45 & 46) are untimely as they were signed and dated on April 12, 2022 and April 20, 2022 respectively. Accordingly, the prison mailbox rule does not apply as Judge Hyle's Order and Recommendation was filed on February 14, 2022 and Petitioner was provided fourteen (14) days to object. (Doc. 35.)

for which he was not in custody.)[2] Second, Judge Hyle's recommended that Petitioner's request for habeas corpus relief be denied as Petitioner had failed to exhaust his administrative remedies by declining to have an Immigration Judge review Petitioner's custody status. (Doc. 35 at 5.)

On February 18, 2022 Petitioner filed a Reply (Doc. 36) to Judge Hyle's Report and Recommendation. (Doc. 35.) On March 3, 2022, this Court entered an Order (Doc. 37) adopting the Report and Recommendation (Doc. 35) after determining that Petitioner had not filed a proper objection and reviewing the Report and Recommendation for clear error. On March 8, 2022 Petitioner filed his First Objection (Doc. 39) to the Report and Recommendation as well as a Statement Against State's Demand for Testimony ("Statement"). (Doc. 40.) As the prison mailbox rule applied to Petitioner's First Objection and Statement (Docs. 39 & 40), the Court entered an Order (Doc. 41) vacating its March 3, 2022 Order (Doc. 37) and re-reviewed Judge Hyle's Recommendation (Doc. 35) taking into account Petitioner's First Objection (Doc. 39) and Statement. (Doc. 40.)

Upon determining that Petitioner had not stated a proper, discernable objection, in either his First Objection (Doc. 39) or his Statement (Doc. 40) the Court entered an Order accepting and adopting the Recommendation as the Order of this Court for the reason of the findings made and reasons stated therein on March 14, 2022. (Doc. 41.) On March 25, 2022 Petitioner filed his Second Objection (Doc. 43) to Judge Hyle's Recommendation. (Doc. 35.) This Court entered an Order (Doc. 44) overruling Petitioner's Second Objection (Doc. 43) on March 29, 2022.

Petitioner subsequently filed the presently pending, Third Objection (Doc. 45), Fourth Objection (Doc. 46) and Request for Final Judgment (Doc. 47) on April 15, 2022, May 2, 2022, and May 13, 2022 respectively. Accordingly, Petitioner's Third and Fourth Objections are untimely as Petitioner had fourteen (14) days to file an Objection to Judge Hyle's Order and Recommendation, which was filed on February 14, 2022, and the prison mailbox rule does not apply. (Doc. 35 at 6.) However, since Petitioner is proceeding *pro se* in this action and

---

[2] The Court notes that Judge Hyles also correctly noted that to the extent Petitioner challenged his removal order, based on his state court conviction for cruelty to children, that Petitioner's claim is barred by the REAL ID Act of 2005, 8 U.S.C. § 1252. (Doc. 35.)

Petitioner raises issues of a nature such that consideration by the Court would serve to clarify the record, this Court has elected to exercise its discretion and review all three of Petitioner's filings on the merits as a Motion for Reconsideration.

## DISCUSSION

As the Eleventh Circuit noted in *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 805–06 (11th Cir. 1993), relief granted from motions for reconsideration are within "the sound discretion of the district judge." This Court's Local Rules address motions for reconsideration, providing, in relevant part:

> **7.6 MOTIONS FOR RECONSIDERATION.** Motions for Reconsideration shall not be filed as a matter of routine practice. Whenever a party or attorney for a party believes it is absolutely necessary to file a motion to reconsider an order or judgment, the motion shall be filed with the Clerk of court within fourteen (14) days after entry of the order or judgment.

M.D. Ga. L.R. 7.6. It is the longstanding practice of this Court to grant a motion for reconsideration only when the movant timely demonstrates that either: (1) there has been an intervening change in the law; (2) new and previously unavailable evidence has been discovered through the exercise of due diligence; or (3) the court made a clear error of law. *McCoy v. Macon Water Auth.*, 966 F. Supp. 1209, 1222–23 (M.D. Ga. 1997).

The Court upon careful review of Petitioner's Third and Fourth Objections (Docs. 45 & 46) as well as Request for Final Judgment (Doc. 47) was able to liberally construe four potential requests for relief. The Court notes for the purposes of the record, however, that Petitioner raises these issues in the first instance in his Fourth Objection. (Docs. 35, 45 & 46.)

First, Petitioner requests that this Court reconsider the final Judgment (Doc. 42) in this case, as Petitioner did not consent to Judge Hyle's, a Magistrate Judge, issuing the final ruling. (Doc. 46 at 2-3). Petitioner's request is mistaken, however, as this Court issued the final ruling in Petitioner's case, when it adopted Judge Hyle's Recommendation on March 14, 2022. (Doc. 41.) Accordingly, to the extent that Petitioner requests reconsideration of the final judgment in his case, it is **DENIED**.

Second, Petitioner requests that this Court schedule a pretrial conference and reopen discovery so that Petitioner may gather evidence to relitigate his state criminal conviction. (Doc. 46 at 4.) Not only does this Court lack jurisdiction to consider Petitioner's challenge to

his state court conviction, as Petitioner is not currently in state custody, but this Court is not an appropriate forum in which to retry a state criminal case. *See Llovera-Linares v. Fla.*, 559 F. App'x 949, 952 (11th Cir. 2014) (per curiam). Accordingly, Petitioner's request that this Court permit Petitioner to relitigate his underlying state criminal conviction is **DENIED**.

Third, Petitioner appears to raise an Eighth Amendment conditions of confinement claim. (Doc. 46 at 9.) However, Petitioner did not allege any facts that would support such a claim. Petitioner merely states that he is entitled to "other protections from state actions that impose arbitrary and severe conditions of confinement on me." (Doc. 46 at 9.) Accordingly, to the extent Petitioner raises an Eighth Amendment conditions of confinement claim it is **OVERRULED** and **DENIED without prejudice**.

Fourth, Petitioner requests that this Court grant Petitioner a Certificate of Appealability ("COA"). (Doc. 46 at 13.) A district court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To merit a COA, the petitioner must show that reasonable jurists would find it debatable (1) whether the petition states a valid claim of the denial of a constitutional right, and (2) whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court has reviewed the Petitioner's claims and finds that Petitioner has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2). This is evidenced by the Court's adoption of Judge Hyle's Recommendation. Therefore, Petitioner's request for a COA (Doc. 46) is **DENIED**.

Finally, to the extent that Petitioner requests that this Court enter a final judgment in his case (Doc. 47) Petitioner is hereby noticed that a final judgment was entered in this proceeding on March 14, 2022. (Doc. 41.)

In conclusion, as Petitioner has failed to show that there has been either: (1) an intervening change in the law; (2) new and previously unavailable evidence has been discovered through the exercise of due diligence; or (3) the court made a clear error of law, Petitioner's objections, construed and considered as a Motion for Reconsideration (Docs. 45, 46, & 47) are **DENIED**. This Court's March 14, 2022 Order (Doc. 41) remains the final judgment in this case. The Court will not consider any other late filings from Petitioner in this case, unless

required by rule of law, and advises Petitioner that he is still required to comply with the Federal Rules of Procedure despite proceeding *pro-se* in this action.

      **SO ORDERED**, this <u>16th</u> day of May 2022.

<u>**/s/ W. Louis Sands**</u>

**W. LOUIS SANDS, SR. JUDGE**

**UNITED STATES DISTRICT COURT**